[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S WITHDRAWAL OF ACTION
CT Page 4462
The background facts are not in dispute. The plaintiff (husband) commenced this action for dissolution of marriage on July 2, 1993, returnable on July 27, 1993. On September 23, 1993, this court (Petroni, J.) granted the defendant (wife) temporary alimony after a contested hearing. After granting numerous continuances, the court scheduled this case for trial on March 24, 1995, noting there would be no further continuances. The parties and their attorneys appeared for trial on that date.
The plaintiff's attorney first orally moved to disqualify the court (Petroni, J) claiming the judge had shown special concern towards the defendant's inability to breath or having a fainting spell after the contested hearing held September 23, 1993. The court denied the motion for recusal. The plaintiff's attorney then advised the court that he was instructed to file a withdrawal of the action. The defendant objected and immediately manuscripted a cross-complaint. Both documents were filed and dated March 24, 1995. Subsequently, on March 28, 1995, the defendant filed a formal answer and amended cross-complaint.
The plaintiff's attorney argued in his legal brief of March 31, 1995, that the plaintiff could unilaterally withdraw pursuant to § 52-80
of the General Statutes. The defendant's legal brief argued that permission of the court is necessary before a case is withdrawn and good cause must be established under this statute. The plaintiff presented no evidence of good cause for the withdrawal of the action. This same issue was decided by the Stamford/Norwalk Superior Court (Cioffi, J.) where he ruled that a plaintiff could not withdraw without permission by the court after temporary alimony orders had been previously entered. See Kinderman v. Kinderman, JD of Stamford/Norwalk, DN FA87 008 53 19, October 9, 1987, Cioffi, J.
The court accepts the reasoning of this decision and holds that under the facts in this case the plaintiff may not withdraw the action for the following reasons:
 1. A pendente lite alimony order granted after a contested hearing constitutes a hearing on issues of fact under § 52-80 of the General Statutes.
 2. To allow a withdrawal would injuriously affect the rights of the defendant previously acquired at the contested hearing.
CT Page 4463
 3. The defendant's cross-complaint was filed on March 24, 1995, at the same time the withdrawal was submitted. It would be a waste of judicial time to require the defendant to file another dissolution complaint.
For the foregoing reasons, the plaintiff's withdrawal is denied, and the defendant may proceed on her cross-complaint. The parties are ordered to return for trial on May 12, 1995.